UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOHAN A. HARIHAR,                          *
                                           *
            Plaintiff,                      *
                                           *
      v.                                    *      Civil Action No. 22-11648-IT
                                           *
JEANNE D'ARC CREDIT UNION, et al.,          *
                                           *
            Defendants.                     *

MEMORANDUM AND ORDER

March 20, 2023

TALWANI, D.J.

       *Pro se* Plaintiff Mohan A. Harihar has filed a Complaint [#1] against Jeanne D'Arc

Credit Union ("JDCU") and its counsel, Attorney Sandra Boulay. Harihar has also filed a Motion

to Appoint Counsel [#2], a Motion for Leave to File Electronically [#3], and a Motion for Leave

to Proceed *in Forma Pauperis* [#4]. For the reasons set forth below, the court will grant the

motion for leave to proceed *in forma pauperis*, deny the motion for counsel, grant the motion for

leave to file electronically, and order Harihar to file an amended complaint.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

       Upon review of the Motion for Leave to Proceed *in Forma Pauperis* [#2], the court

concludes that Harihar has adequately demonstrated he is without income or assets to pay the

filing fee. Accordingly, the motion is GRANTED.

**II.     Review of the Complaint**

       Because Harihar is proceeding *in forma pauperis*, the court may conduct a preliminary

review of his complaint and dismiss an action even before summonses have issued if the court

determines that the complaint fails to state a claim upon which relief may be granted. See 28

U.S.C. § 1915(e)(2). The court construes Harihar's pleading liberally because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### A.      Harihar's Statement of His Claim

Harihar's statement of his claim consists of the following:

> The Defendants have evidenced a discriminatory debt collection scheme against the Plaintiff for a period exceeding 11 years – to current day, unnecessarily adding to the Plaintiff's sever financial hardships, emotional distress and civil damages articulated in the related Federal complaint – HARIHAR V US BANK, et al, Docket No. 15-cv-11880 and also in the original filing of this complaint – Docket No. 20-cv-12293. As a matter of court record (in the lower MA State (District) Court), the evidenced claim(s) of a discriminatory debt collection scheme stands unopposed by both named Defendants. Any attempt to now oppose the Plaintiff's claim(s) in this court will bring a violation of Fed. R. Civ. P. 60(b)(3) – Fraud on the Court. This new complaint is necessarily filed after service errors with the original complaint were left uncorrected by the presiding judge – for reasons unknown.

Compl. at 4. In his prayer for relief, Harihar requests, among other things, that the court "first address and justly correct the unresolved – Jurisdiction, Color of Law, Discrimination and other evidenced legal issues involving recused/disqualified judicial officers in the related complaint – HARIHAR v US BANK et al and the original complaint against Defendants – JDCU/Boulay." Id. Harihar continues: "There additionally are issues involving the unlawful actions evidenced by several identified court clerks and service errors with the original complaint that should have been easily corrected and were not." Id. Harihar also requests "an injunction/TRO to cease all debt . . . collection against him by the Defendant – JDCU." Id. at 4-5.

### B.      Discussion

Harihar's complaint fails to state a claim upon which relief may be granted for several reasons. Harihar states that he is attempting to reassert the claims he brought in Harihar v. US Bank, C.A. No. 15-11880-ADB. In a March 31, 2017 Memorandum and Order [#139] in that

case, the court dismissed the action with prejudice.[1] As a dismissal with prejudice bars a later suit on the same cause of action, see United States v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998), Harihar may not assert in this action any claim that was dismissed in Harihar v. US Bank, C.A. No. 15-11880-ADB.[2]

Further, with regard to any claim not barred by the dismissal with prejudice of Harihar v. US Bank, C.A. No. 15-11880-ADB, the complaint fails to state a claim upon which relief may be granted because it does not contain "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)); see also Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (stating that the "fundamental purpose" of pleading requirements "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008))). This means the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Calvi, 470 F.3d at 430 (quoting Educadores, 367 F.3d at 68).

The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief.

---

[1] Harihar did not appeal the order of dismissal.

[2] Because the court dismissed Harihar v. Jeanne D'Arc Credit Union, C.A. No. 20-12293-IT, without prejudice, that action does not serve as a bar to further litigation.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. For example, a plaintiff who brings claims for unfair debt collection practices or breach of contract must allege specific facts, which, taken as true, permit the court to reasonably infer that the defendant did engage in unlawful debt collection practices or is liable for breach of contract.

Here, Harihar claims that the Defendants have engaged in a "discriminatory debt collection scheme for a period of exceeding 11 years," Compl. at 4. This allegation standing alone fails to state a claim upon which relief may be granted where it is not supported by specific factual allegations which permit the court to reasonably infer that the Defendants could be liable to Harihar for unlawful debt collection practices, and it is insufficient to provide the Defendants an opportunity to prepare a meaningful response.

If Harihar wishes to pursue this action, he must file an amended complaint which contains "short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2). Harihar may but is not required to use a form complaint. If he chooses to use a form complaint, he must set forth the statement of his claim on additional pages "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### III.   Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In a non-habeas

civil action, the court is not required to appoint counsel for an indigent party unless denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See id.

Nothing in Harihar's complaint suggests appointment of counsel is necessary to avoid a fundamental unfairness that would impinge on his due process rights. The court therefore DENIES the motion for appointment of counsel.

## IV.   Motion for Leave to File Electronically

The court GRANTS Harihar's motion for leave to file electronically provided he follows the Clerk's instructions for electronic filing by *pro se* litigants. These instructions are found at https://www.mad.uscourts.gov/caseinfo/nextgen-pro-se.htm.

## VI.   Conclusion

In accordance with the foregoing, the court hereby orders:

1.     The Motion for Leave to Proceed *in Forma Pauperis* [#4] is GRANTED.

2.     The Motion to Appoint Counsel [#2] is DENIED without prejudice.

3.     The Motion for Leave to File Electronically [#4] is GRANTED.

4.     If Harihar wishes to proceed with this lawsuit, he must, within thirty-five (35) days of the date of this order, file an amended complaint that complies with the above-discussed pleading requirements. Failure to comply with this order may result in dismissal of the case.

IT IS SO ORDERED.

     /s/ Indira Talwani
     United States District Judge

March 20, 2023