UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAN A. HARIHAR, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 22-11648-IT |
| | * |
| JEANNE D'ARC CREDIT UNION, et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER

August 10, 2023

TALWANI, D.J.

*Pro se* Plaintiff Mohan A. Harihar has filed an Amended Complaint [Doc. No. 15] against Jeanne D'Arc Credit Union ("JDCU") and its counsel, Attorney Sandra Boulay. For the reasons set forth below, the court will DISMISS this action for failure to state a claim upon which relief may be granted.[1]

I. **Harihar's Amended Complaint**

In his statement of his claim, Harihar alleges that his claims against Defendants "address [their] deceptive and unlawful tactics . . . used to collect a debt." Amend. Compl. at 7. According to Harihar, the most recent example of this alleged misconduct occurred on July 22, 2022, in a state district court scheduled payment review hearing, "where Defendants have continued to deceive the court in order to force the Plaintiff into a continued plan that he already cannot

---

[1] Because Harihar is proceeding *in forma pauperis*, the court may conduct a preliminary review of his amended complaint and dismiss the action even before summonses have issued if the court determines that the amended complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2). The court construes Harihar's pleading liberally because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

afford—on an unsecured debt that should have been resolved years ago in its entirety IF Homestead Protection laws had justly been enforced." Id. (emphases omitted). Harihar offers six instances of Defendants' allegedly deceptive conduct:

1. Ignoring what was clearly the shortest path for repaying the debt owed (via the Plaintiff's Homestead Protection, filed with the North Middlesex Registry of Deeds) -- and instead filing an action against Mr. Harihar and pursuing a payment plan that the Plaintiff cannot afford at an interest rate greater than 30%, knowing full well that the Plaintiff will only sink deeper and deeper into debt.
2. Intentionally making false and defamatory statements about the Plaintiff in an email communication delivered on 07-21-2021 to Federal/State Prosecutors and multiple government offices/agencies.
3. Making completely unfounded claims before the Lowell District Court, against the Plaintiff, . . . . [such as] "Mr. Harihar is likely hiding money and probably has $10,000 available. . . ."
4. Suggesting to the Court that the Plaintiff – "Is driving a brand new car, so he MUST be making more money . . ." – when (at that time) the car belonged to a family member, not the Plaintiff . . . .
5. Suggesting to the Court that should increase the monthly payment plan based on the Plaintiff's Gross income and not his Net – after tax income, which is completely unrealistic and shows the Defendants['] intention to cause Mr. Harihar further injury. . . .
6. Suggesting to the presiding judge in the Lowe[ll] District Court that the Plaintiff must have an "Improper Relationship with the Court Clerk" – because the Plaintiff said, "HELLO" to a friend of more than thirty (30) years . . . .

Amend. Compl. at 7-8 (emphases omitted). Harihar represents that "these are just a few of the evidenced examples from last July" and that "through discovery . . . Plaintiff will show that the Defendants have evidenced similar patterns of deceptive conduct at every prior hearing, dating as far back as 2011." Id. at 8-9.[2]

---

[2] The court takes judicial notice of the case Jeanne D'Arc Credit Union v. Harihar, 1211SP000442, which is a supplementary process action proceeding in the Lowell District Court. According to electronic version of the public docket, which is available to the public through the web site www.masscourts.org, on July 22, 2022, a "Review of Payment Order Hearing" was held, and, on the same day, the court ordered Harihar to pay $45.00 per month and to produce his tax returns, recent pay stubs, and a financial statement.

Harihar lists seven claims: (A) violation of 18 U.S.C. § 1341,[3] id. at 9; (B) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), id. at 9-10; (C) libel or defamation, and the intent to cause emotional distress under violation of 28 U.S.C. § 4101, id. at 10-11; (D) a civil RICO claim, id. at 11-12; (E) fraudulent conversion, in violation of 11 U.S.C. § 548(e)(2)(A), id. at 12; (F) acts of bad faith, id. at 12; and (G) breach of contract, id. at 12-13.

**II.   Discussion**

To state a claim upon which relief may be granted, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, Harihar's amended complaint fails to state a claim upon which relief may be granted. As a threshold matter, some of the statutes under which Harihar purports to bring claims are inapplicable. The mail fraud statute, 18 U.S.C. § 1341, does not provide a private right of action. See e.g., Liu v. Amerco, 677 F.3d 489, 494 (1st Cir. 2012); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Wisdom v. First Midwest Bank, of Poplar Bluff, 165 F.3d 402, 408 (8th Cir. 1999). The fraudulent transfer statute, 11 U.S.C. § 548, concerns bankruptcy

---

[3] This statute, entitled "Frauds and Swindles," is often referred to as a statute prohibiting mail fraud. See, e.g., Loughrin v. United States, 573 U.S. 351, 359 (2014); Skilling v. United States, 561 U.S. 358, 369 n.1 (2010).

proceedings. Section 4101 of Title 28 of the United States Code contains a definition of "defamation," but only as part of a chapter concerning the enforcement of foreign judgments for defamation. There is no cause of action for "bad faith."

Other claims have no basis on the facts alleged by Harihar. To state a civil RICO claim, "a plaintiff must allege each of the four elements required by the statute: (1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity." N. Bridge Assocs., Inc. v. Boldt, 274 F.3d 38, 42 (1st Cir. 2001). Harihar's factual allegations in support of his RICO claims are that:

> JDCU and their retained counsel have also been made aware of a legal solution that would have resolved the unsecured card debt years ago. Instead, the Defendants colluded in an effort to reach a pre-determined outcome – brushing aside proposed legal remedies; choosing instead to defame, damage and cause greater hardship to the Plaintiff over an indefinite period of time.

Amend. Compl. at 11. The court cannot reasonably infer from these allegations that Defendants belonged to an enterprise that engaged in a pattern of racketeering activity.

Similarly, the amended complaint does not contain any factual allegations that would support Harihar's claims for "Breach of Contract for Counterclaims filed w/Liability/Casualty Insurance Policies." Id. at 12. In support of this claim, he alleges that his "amended complaint and evidenced claims described within, should now clarify that he is, in fact, the intended beneficiary of the filed counterclaim against the Defendants – and that the evidenced breach of contract with their insurers is in fact valid." Id. at 13. Harihar does not identify with any specificity the contract in question, the terms Defendants have violated, and the basis for the assertion that he is an intended beneficiary of the contract.

Harihar's claim for "Libel/Defamation violations and the intention to cause Emotional Distress," id. at 10, are likewise unsupported by his factual allegations. Harihar asserts that the

4

"examples" of the Defendants' alleged misconduct he identified earlier in the amended complaint "clearly show the Defendant's intention to injury and defame the Plaintiff." Id. The court cannot, however, reasonably infer from Harihar's factual allegation, that Defendants "published a 'false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss.'" Salmon v. Lang, 57 4th 296, 319 (1st Cir. 2022) (quoting Zeigler v. Rater, 939 F.3d 385, 392 (1st Cir. 2019)). Even if Defendants had published such a statement, an attorney cannot be held liable for defamation for statements made by "in the institution or conduct of litigation or in conferences and other communications preliminary to litigation." Blanchette v. Cataldo, 734 F.2d 869, 877 (1st Cir. 1984) (quoting in full Sriberg v. Raymond, 370 Mass. 105, 109 (1976)).

    Finally, Harihar's factual allegations do not support his claim that Defendants violated the FDCPA. The FDPCA broadly prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Harihar claims that Defendants violated the FCDPA by using "deceptive tactics and false statements to collect a debt." Harihar's use of the adjectives "deceptive" or "false" to describe Defendants' alleged misconduct are labels that the court is not required to credit. According to Harihar, in the course of state court proceeding regarding Defendants' collection of a judgement, Defendants alleged that Harihar was "likely" hiding money and "suggested" that Harihar was able to afford a monthly payment on a new vehicle. Amend. Compl. at 9-10. This opining on Harihar's financial status in the context of a court hearing in a supplementary process action is not deceptive or false.

### III.     Conclusion

In accordance with the foregoing, the court hereby orders that this action is DISMISSED for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

                                                          /s/ Indira Talwani
                                                      United States District Judge

August 10, 2023